IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:12-CR-00292-BR |
| | (3:19-CV-00106-BR) |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **SID EDWARD WILLIS, JR.,** | |
| Defendant. | |

**BILLY J. WILLIAMS**
United States Attorney
**SCOTT M. KERIN**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**SID EDWARD WILLIS, JR.**
66064-065
Victorville
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 3900
Adelanto, CA 92301

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant Sid Edward Willis's Petition (#152) for Writ of Habeas Corpus by A Person in Federal Custody (28 U.S.C. § 2241). For the reasons that follow, the Court **DENIES** Defendant's Petition and **DECLINES** to issue a Certificate of Appealability.

## BACKGROUND

On June 5, 2012, Defendant was charged in an Indictment with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

On July 22, 2013, Defendant pled guilty at a change-of-plea hearing. In his Plea Agreement Defendant agreed he "waive[d] the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." At the change-of-plea hearing the Court explained to Defendant that he was waiving his right to collaterally attack his sentence on any ground other than ineffective assistance of counsel. Defendant stated he understood, and he also agreed he "freely and voluntarily accept[ed] the terms and conditions of th[e] plea offer." The Court was "satisfied [Defendant is] fully competent . . . and he is making a knowing, intelligent, and voluntary waiver of

2 - OPINION AND ORDER

[his] rights."

On December 23, 2013, the Court sentenced Defendant to a term of 180 months imprisonment followed by three years of supervised release.

On December 24, 2013, the Court entered a Judgment.

On December 26, 2013, Defendant filed an appeal of his conviction with the Ninth Circuit.

On July 29, 2015, the Ninth Circuit affirmed Defendant's conviction for Felon in Possession.

On March 14, 2016, Defendant filed a Motion (#91) to Vacate or Correct Sentence under 28 U.S.C. § 2255 in which he alleged he received ineffective assistance from his trial counsel.

On June 7, 2016, Defendant filed an Amended Motion (#99) to Vacate or Correct Sentence under 28 U.S.C. § 2255 in which Defendant again asserted he received ineffective assistance from trial counsel, that Defendant was subjected to selective prosecution because of his race, and that the prosecutor violated Defendant's due-process rights when the prosecutor failed to correct what Defendant believes was false testimony at the suppression hearing by Portland Police Officer Kimberley Hubbard.

On June 9, 2017, the Court issued an Opinion and Order (#135) in which it denied Defendant's Motions to Vacate. The Court also denied a Certificate of Appealability.

On July 10, 2017, Defendant appealed the Court's June 9,

2017, Opinion and Order to the Ninth Circuit. On July 10, 2017, Defendant also filed a Motion for Reconsideration of the Court's June 9, 2017, Opinion and Order.

On September 8, 2017, the Court issued an Order granting Defendant's Motion for Reconsideration to the extent that the Court reconsidered its June 9, 2017, Opinion and Order. The Court, however, adhered to its conclusion that there was not any legal basis for the relief sought by Defendant in his Motions or for the Court to issue a Certificate of Appealability.

On November 8, 2017, the Ninth Circuit dismissed Defendant's appeal on the ground that Defendant had not established "jurists of reason would find it debatable whether the [§ 2255 Motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

On April 23, 2018, Defendant filed in the United States District Court for the Central District of California a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and/or 28 U.S.C. § 2255.

On April 25, 2018, the California District Court entered an Order in which it concluded Defendant's petition did not qualify as a Petition for Habeas Corpus pursuant to § 2241 based on the claims asserted in his Petition and concluded "§ 2255 is the exclusive means by which [Defendant] may bring [his] claim, and

he must do so in the sentencing court." Def.'s Pet., Ex. 1 at 1-2. Accordingly, the California District Court transferred Defendant's April 2018 Petition for Habeas Corpus to this Court for resolution pursuant to § 2255.

On July 27, 2018, this Court issued an Opinion and Order in which it denied Defendant's April 2018 Petition for Habeas Corpus, concluded Defendant had not made a substantial showing of the denial of a constitutional right, and denied Defendant a Certificate of Appealability.

On December 11, 2018, Defendant filed in the United States District Court for the Central District of California another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On January 23, 2019, the California District Court entered an Order in which it concluded Defendant's petition did not qualify as a Petition for Habeas Corpus pursuant to § 2241 based on the claims asserted in his Petition and construed it as a Petition under § 2255. Accordingly, the California District Court transferred Defendant's Petition for Habeas Corpus pursuant to § 2255 to this Court. The Court took Defendant's December 2018 Petition for Habeas Corpus under advisement on March 1, 2019.

## DISCUSSION

As noted, the California District Court concluded Defendant cannot bring his December 2018 Petition pursuant to § 2241 and

5 - OPINION AND ORDER

that § 2255 provides his sole ground for relief.

Defendant, however, has already brought and fully litigated a Motion (#99) to Vacate Sentence pursuant to § 2255 in this District. Defendant's December 2018 Petition, therefore, is a second successive petition for relief under § 2255. 28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion [to vacate pursuant to § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In addition, 28 U.S.C. § 2244(b)(3)(A) and (4) provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> * * *
>
> A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

The record does not reflect and Defendant does not allege he has filed a Motion with the Ninth Circuit for an order

6 - OPINION AND ORDER

authorizing this Court to consider his successive Petition for Habeas Corpus pursuant to § 2255. This Court, therefore, must dismiss Defendant's Petition pursuant to § 2244(b)(4).

In addition, the Court concludes Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's December 2018 Petition (#152) for Writ of Habeas Corpus by A Person in Federal Custody (28 U.S.C. § 2241).

The Court also concludes Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court **DECLINES** to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATED this 9th day of April, 2019.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge